To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:
POWELL, Member,
Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.
HISTORY OF PROCEEDINGS
By order of the Supreme Court of Pennsylvania dated December 5, 1978, petitioner, [ ], was suspended from the practice of law for a period of three years to commence on January 3, 1979. The term of this suspension expired on January 3, 1982.
On June 8, 1989, petitioner filed this petition for reinstatement with the Disciplinary Board. On June 9, 1989, the matter was referred to Hearing Committee [ ] consisting of [ ]. A reinstatement hearing was held on December 14, 1989, at which time the petitioner appeared pro se, and the Office of Disciplinary Counsel was represented by an assistant disciplinary counsel. By its report filed February 13, 1990, the hearing committee recommended peti *290 tioner be denied reinstatement to the practice of law. Petitioner thereafter requested an extension of time in order to confer with counsel and to file a brief on exceptions, which request was granted by the chairman. On May 29, 1990, [ ], counsel for petitioner, filed a petition to reopen the proceeding for the purpose of taking additional evidence. On June 4, 1990, Disciplinary Counsel filed an answer to petitioner’s request to reopen the record, arguing that said petition should be denied. The Disciplinary Board considered the petitioner’s request to reopen the record for the purpose of taking additional evidence at its executive session held on June 22, 1990. The board, at said session, denied petitioner’s request concluding that there were no material changes of fact or of law occurring since the conclusion of the hearing. In addition, the board felt that petitioner had the opportunity of a full hearing and had access to the evidence at that time.
FINDINGS OF FACT
Petitioner, [ ], age 63, was formally admitted to practice in the Commonwealth of Pennsylvania. He practiced law at [ ]. In the early 1960s, prior to his suspension, he worked as an attorney with the Department of Finance and considered himself an expert in state tax matters. He was not only licensed to practice law but also was a licensed real estate broker and active as a real estate broker in the Commonwealth of Pennsylvania under the corporate name “[A] Realty Inc.” In the 1980s, subsequent to his suspension, petitioner worked at various jobs not connected with the legal profession and made between $900 and $12,500 a year until three weeks prior to the reinstatement hearing, at which *291 time he took up residency in [ ], becoming employed in a clerk position.
Petitioner’s suspension was as the result of his actions as a real estate broker and attorney, when in or about March 1971, he was engaged by owners of real estate in [ ] County, Pennsylvania, to seek for them a buyer of their unimproved land. The sellers’ asking price was $2,300, but they were willing to negotiate that price if a buyer were found. On or about June 19, 1971, one [B] contacted petitioner about the land in question and told him he would be willing to pay the asking price of $2,300. Petitioner then accepted a down payment from [B1 of approximately $500.
About a week thereafter, petitioner notified the sellers that petitioner’s mother and father were willing to purchase the land in question for $1,150, of which $150 would be a sales commission to petitioner, for a net consideration of $1,000 to the sellers. At the same time that petitioner conveyed this offer to the sellers, he enclosed a sales agreement between the sellers and his parents. The sellers accepted that offer and executed the agreement of sale without having any information conveyed to them by petitioner that, in fact, the said [B] was willing to pay the full asking price and that petitioner had accepted a down payment from [B].
Petitioner personally went to the sellers’ home in [ ] and had them sign a deed without telling them the name of the purchaser, which deed listed a consideration of $1. The sellers testified that they signed the deed without any knowledge that the conveyance was, in fact, to [B], rather than to petitioner’s parents. When petitioner recorded the deed in [ ] County, he filed an affidavit of value listing the actual consideration paid as being $1,150. The grantee on the deed was the said [B]. The *292 testimony accepted at the hearing established that the said [B] did, in fact, pay petitioner $2,300 for the land in question and that petitioner gave to sellers a total of only $1,000.
In May 1974, the said [B] again retained petitioner to represent him concerning a tax sale for the same land acquired by [B] in 1971. Petitioner failed to pursue the matter on behalf of [B], who then had to retain other counsel to represent him. [B] had given $300 to petitioner for representing him in the tax matter and the money was never returned by petitioner to [B].
The hearing committee and subsequently the board concluded that such conduct clearly involved dishonesty, fraud, deceit and misrepresentation, reflecting adversely on petitioner’s fitness to practice law and recommended to the Supreme Court that petitioner be suspended for a period of three years.
The Supreme Court thereafter suspended the petitioner on January 3, 1979, for a period of three years expiring on January 3, 1982.
DISCUSSION
In order for petitioner to gain reinstatement to the practice of law before the bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. See rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

*293
Moral Qualifications

Petitioner had the burden of demonstrating by clear and convincing evidence that he has the requisite moral qualifications to practice law. First, among all the moral qualifications to engage in such practice, is the obligation to obey the law itself. Petitioner, by his own admission, failed to file federal and state income tax returns from 1984 through 1988 and only filed them within one week prior to the hearing. While petitioner protested that he owed no taxes and, in fact, was entitled to refunds, he nevertheless admitted misdemeanors under both federal and state law. This is not the type of conduct which one would expect from an individual who is looking forward to the resumption of a profession which demands the highest moral standards. In addition, the committee felt and this board agrees that petitioner has totally failed to recognize the nature of his wrongdoing. His suspension from practice resulted from his appropriating at least $1,300 of his client’s funds. However, he denied misuse of the funds in the face of the finding of the Disciplinary Board as accepted by the Supreme Court of Pennsylvania. (N.T. 73, 74.) In addition, he never made restitution to the sellers, who were defrauded, and feels no moral compunction to do so. (N.T. 75, 76.) Petitioner has not shown that he has learned from his mistakes, since he doesn’t even acknowledge any wrongdoing. He therefore has not satisfied the hearing committee nor this board that this type of conduct will not be repeated.

Competency and Learning in the Law

Despite the fact that the petitioner participated in a basic legal practice course and met the minimum educational requirements for reinstatement estab *294 lished by Board Rule section 89.279, petitioner failed to demonstrate his competency and learning in the law.
The hearing committee found and the record reflects that the petitioner’s presentation, which was pro se, was disjointed, disorderly, and indicated a lack of knowledge on behalf of petitioner of the Disciplinary Rules and Procedures with respect to reinstatement. Petitioner seemed to lack knowledge with respect to his burden of proof. He presented the testimony of two witnesses who had no knowledge of his current competence or ethical habits over the last 10 years. He offered no specific knowledge of legal concepts, although he assured the committee that he was competent to practice and had an IQ of 156. Apart from the fact that he took a basic legal practice course for several days in 1988, he had no formal continuing legal education exposure since his suspension. He informed the committee that he only intended to practice in the area of state taxation by being employed in a state agency and yet, in no way demonstrated his knowledge of state tax concepts. On the contrary, he insisted that failing to file a state income tax return did not result in criminal penalties, when, in fact, such failure is a misdemeanor punishable by imprisonment not exceeding two years or a fine not exceeding $5,000, or both. 72 P.S. §7353. He further insisted that the failure to file a federal income tax return was also not a criminal offense notwithstanding the fact that such failure is a misdemeanor punishable by imprisonment not exceeding one year or a fine of not more than $25,000, or both. In addition, petitioner’s completion of the required reinstatement questionnaire was sloppy and failed to contain all the accurate information required. An example of this failure is the omission of at least six judgments entered *295 against him under the section requiring the recitation of civil actions against the applicant. Petitioner’s argument that a judgment is not a civil action is, of course, erroneous and, again, demonstrated his lack of understanding of basic legal concepts. The committee and this board found that petitioner did not demonstrate particular knowledge of any area of the law at the hearing.
The committee and this board do not believe that petitioner has proven by clear and convincing evidence his ability to practice law either as a specialist or a general practitioner.

Resumption of the Practice of Law

This board finds that petitioner’s resumption to the practice of law will be detrimental to the public interest. Petitioner has not demonstrated rehabilitation in that:
(1) Petitioner has shown no remorse.
(2) Petitioner does not recognize the nature of his wrongdoing.
(3) Petitioner has not made restitution and does not feel the need to do so.
CONCLUSIONS OF LAW
(1) In a reinstatement proceeding, petitioner has the burden of demonstrating by clear and convincing evidence not only that he has the moral qualifications, competency and learning in the law required for admission to practice law in this Commonwealth, but that his resumption of practice will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. Pa.R.D.E. 218(3)(1).
*296 (2) During his suspension, the petitioner, [ ], has committed misdemeanors under both federal and state laws, by failing to file federal and state income tax returns for a period of five years.
(3) Petitioner, [ ], has failed to establish by clear and convincing evidence that he has the competency and learning in the law required for admission to practice law in this Commonwealth and that his resumption of practice will neither be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest.
(4) Petitioner, [ ], has failed to demonstrate by
clear and convincing evidence that he has the moral qualifications required for admission to practice law in this Commonwealth.
RECOMMENDATION
The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that the petition of [petitioner] for reinstatement to the bar of the Supreme Court of Pennsylvania be denied.
Ms. Heh was absent and did not participate in the adjudication.
ORDER
And now, October 3, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated August 15, 1990, the petition for reinstatement is denied.
Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.